IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KATHY WESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-177 |
| | ) | |
| WAL-MART STORES EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court on "Defendant's Partial Motion to Dismiss" [doc. 5]. Plaintiff has responded to the motion, and defendant has submitted a reply. For the reasons that follow, defendant's motion will be granted and plaintiff's Title VII termination claim will be dismissed.

I.

*Background*

According to the complaint, plaintiff, who is black, was formerly employed in defendant's accounting department. Plaintiff alleges that she told her supervisor that a white coworker was "floating checks." Shortly thereafter, defendant allegedly commenced a campaign of harassment and discrimination based on plaintiff's race. Specifically, plaintiff contends that defendant: (1) "coach[ed] her on circumstances that she had never been

coached on before and other Caucasian employees were not being coached on"; (2) transferred her to the deli department on June 20, 2007; and (3) terminated her on January 18, 2008, after "wrongfully accus[ing her] of stealing an hour of company's time."

On August 20, 2007, plaintiff filed a charge of discrimination with Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). The charge, alleging race-based discrimination occurring between June 20 and August 6, 2007, stated in full,

> I have been employed as an accounting office associate for Wal-Mart since August 28, 1996. On June 20, 2007[,] I was transferred to third shift deli associate. Wal-Mart employs more than 15 people.
>
> I was the only black associate in the accounting office. I was coached for errors in the accounting office and my white counterparts were not. Connie Beaty (white) floated checks and was not coached. My supervisor always compared me to Connie. After my coaching, I was transferred to the deli. I complained to Human Resources about how I was being treated and they said an investigation would be done. I was the only one transferred for mistakes out of the accounting office.
>
> I believe that I have been discriminated against because of my race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> I've been working for Wal-Mart since August 28, 1996[, and] in the office since 2002.

By affidavit appended to her response brief, plaintiff adds in material part,

> 6. When I filled out the paperwork with the EEOC I did not have an attorney, it was my first time ever filling out such paperwork and I did the best that I could.

7. After filling out the EEOC paperwork, I was terminated from Wal-Mart. Upon my termination I contacted the EEOC (Steve Listen) and informed him that I was terminated.

II.

*Analysis*

Plaintiff alleges racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101 *et seq.* ("THRA"), along with violation of 42 U.S.C. § 1981 and apparent state law claims of "malicious harassment" and "retaliation." The discrimination alleged to have violated Title VII includes, "Discharging the Plaintiff because of racial factors or consideration." Title VII makes it unlawful for most employers to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).

Defendant argues that plaintiff's complaint exceeds the scope of her EEOC charge, and that her Title VII termination claim should thus be dismissed for failure to exhaust administrative remedies. Defendant purports to bring its motion under Federal Rule of Civil Procedure "12(b)(1)(6) [sic]." The filing will be construed as a challenge to the court's subject matter jurisdiction under Rule 12(b)(1).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of

3

jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). If, as in the present case, the motion "attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Id.* The court concludes that plaintiff has failed to meet that burden.

Under Title VII, a worker must register a formal charge with the EEOC prior to filing her race discrimination suit in federal court, and the charge must be in writing. *See* 42 U.S.C. § 2000e-5(b), (e). The written charge must also, at a minimum, be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

> The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law. . . . These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them.

*Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). Clearly, plaintiff's charge notified neither the EEOC nor the defendant that she viewed her *termination* as discriminatory.

Courts will, however, entertain claims not included in the charge if the new claims would be "reasonably expected to grow out of the charge of discrimination." *See id.* (citation omitted). For this exception to apply, the EEOC investigation must have revealed

4

evidence of the uncharged discrimination or the charged facts must have been such as would have prompted the EEOC to investigate the uncharged claim. *See id.*

> One reason for the expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include "the exact wording which might be required in a judicial pleading." . . . *This expanded rule does not mean, however, that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court*.

*Id.* (emphasis added) (citations omitted).

Plaintiff has submitted no evidence that the EEOC's investigation of the allegedly discriminatory transfer actually revealed that she had also been terminated for allegedly discriminatory reasons. Further, the charged facts (pertaining solely to coaching and reassignment) are not so broad in scope as to have prompted the EEOC, on its own, to investigate whether plaintiff had also been discriminatorily fired.

The court is additionally unpersuaded by plaintiff's argument that she orally amended her charge to include the termination allegation. As noted, by affidavit plaintiff now states, "Upon my termination I contacted the EEOC (Steve Listen) and informed him that I was terminated." While the regulations do not specifically require that a charge amendment be in writing, *see* 29 C.F.R. § 1601.12(b), at least one court has found that requirement to be "[i]mplicit within the statutory scheme." *See Sosa v. Guardian Indus. Prods.*, No. H-06-1614, 2007 WL 1300463, at *4 (S.D. Tex. May 3, 2007); *see also Thomas v. Ohio Civil Rights Comm'n*, No. 2:04-cv-0944, 2006 WL 1697577, at *5 (S.D. Ohio June

5

20, 2006) (rejecting purported oral amendment); *Vela v. Village of Sauk Village*, No. 98 C 1199, 1999 WL 558125, at *6 (N.D. Ill. July 26, 1999) (rejecting purported oral amendment "where no written documents in the hands of . . . the EEOC referred to the claim.").

Even if the court were to assume that a charge can be amended orally, plaintiff has submitted no competent evidence that she in fact did so. Her affidavit is noteworthy for what it *does not* say. The affidavit, filed by counsel, provides only that plaintiff advised an EEOC employee "that I was terminated." Nowhere within her affidavit does plaintiff report that she told the EEOC that she had been terminated for allegedly discriminatory reasons or that she wanted her termination investigated. Merely stating "I was terminated" does not put the EEOC or defendant on notice that plaintiff considered the termination to be wrongful. *See Boge v. Ringland-Johnson-Crowley Co.*, 976 F.2d 448, 452 (8th Cir. 1992) (affirming summary judgment for employer where plaintiff orally reported termination "but never indicated that he suspected age discrimination"); *see also Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) (rejecting informal attempt to amend charge as insufficient "to put the charged party on notice of the claims raised against it.").

III.

*Conclusion*

The alleged discriminatory termination in the present case is not an event that would be "reasonably expected to grow out of the charge of" wrongful coaching and transfer as required under *Davis*. Plaintiff's charge was simply insufficient to put the EEOC and

6

defendant on notice that she perceived herself to be the victim of a discriminatory firing. Because plaintiff has failed to meet her burden of proving this court's subject matter jurisdiction over the Title VII termination claim, that claim must be dismissed.

An order consistent with this opinion will be entered.

ENTER:

       s/ Leon Jordan     
United States District Judge